Lynne Ficalora, Respondent,
against
Hope Hausmann and Herman Hausmann, Appellants.



Appeal from an order of the District Court of Suffolk County, Second District (David A. Morris, J.), dated October 31, 2014. The order, after a hearing, granted a petition to have appellants' dog declared a dangerous dog under Agriculture and Markets Law § 123 and imposed specified conditions for the protection of the public.




ORDERED that the order is affirmed, without costs.
At a dangerous dog hearing held pursuant to Agriculture and Markets Law § 123, the evidence showed that, on July 31, 2014, at approximately 4:00 p.m., as petitioner was walking her dog, Bailey, past appellants' house, appellants' dog, Joey, escaped from appellants' fenced yard and charged at Bailey. The dogs had an altercation, during which petitioner was bitten on the thumb and fell. Appellant Hope Hausmann emerged from her house, picked up Joey, and carried him indoors, whereupon the event terminated. Whereas petitioner testified that Joey had attacked Bailey and had bitten her, Ms. Hausmann asserted that Joey had never touched petitioner, and that Bailey had bitten petitioner after petitioner had stepped between the dogs. Two non-witnesses to the incident also offered contradictory testimony concerning Joey's disposition and his propensity to growl.
Following the hearing, the District Court declared Joey a dangerous dog under Agriculture and Markets Law § 123; directed appellants to have Joey neutered and to have a microchip implanted in him if they had not already done so; directed that at all times when Joey was not leashed, he be securely confined either indoors or, if outdoors, in an enclosed pen constructed with a cement base, closed top, and a chain-link fence with a locked gate; ordered that at all times when he was on public property, Joey be muzzled and restrained on a leash by an adult of at least 21 years of age; ordered appellants to maintain a liability insurance policy of at least $100,000 for personal injury or death resulting from an attack by Joey; and ordered that, in the event that appellants failed timely to comply with the order, Joey be seized or destroyed, if necessary, by a dog control officer or peace officer without further court order.
In view of the contradictory testimony, the resolution of this matter depended upon a credibility finding. Giving "appropriate regard" to the decision of the trial judge, who was in a position to assess the credibility of the witnesses firsthand (see Brown v Berman, 96 AD3d 894 [2012]), we find that the record supports the District Court's conclusion that, under a "clear and [*2]convincing" standard of proof (see Agriculture and Markets Law § 123 [2]), appellants' dog was a dangerous dog within the meaning of Agriculture and Markets Law § 108 (24) (a) (i). We further find that the District Court did not improvidently exercise its discretion in ordering restraints on appellants' dog (see Agriculture and Markets Law § 123 [2]).
Accordingly, the order is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: December 07, 2016